Contracts; trial de novo; cardinal change; overrun; termination for convenience; equitable adjustment; limitation of cost clause; termination costs; equitable distribution.— Plaintiff seeks Wunderlich Act review of a decision of the Armed Services Board of Contract Appeals (72-1 BCA If 9304), denying plaintiffs claims for an equitable adjustment, a cost overrun, and termination costs. Plaintiff also seeks relief outside the Act for an alleged breach of contract. Plaintiff and defendant entered into a cost-plus-incentive-fee contract for the design, development and fabrication of 25,000 XM43 anti-personnel mines and 6,250 subpacks (into which the mines were placed). The parties entered into a contract modification calling for plaintiff to produce double LAOD mines as well as the single LAOD type, the original cost limit being preserved; adjustments were made in the contract quantities and the period for *703 performance. As a result of the modification, plaintiff incurred costs beyond the target cost of the original contract. When plaintiff requested additional funds the contracting officer referred to the contract’s Limitation of Cost clause (LOC) and warned plaintiff not to incur additional costs. At the time the contract was convenience terminated, plaintiff had delivered, and defendant received, 3,500 single LAOD mines; no dual LAOD mines were ever delivered. Defendant rejected plaintiffs claims for overrun costs and termination costs on the basis of the LOC clause. Plaintiff seeks compensation for the difference between the actual overhead and general and administrative rates incurred. Plaintiff also alleges breach of contract and seeks a trial de novo on the theory that defendant’s change from a single to a dual LAOD mine constituted a cardinal change and that the termination for convenience was wrongful and amounted to a breach of contract. Plaintiff also asserts a quantum meruit claim that defendant accepted and used goods and services without paying for them. Plaintiff in addition seeks post-termination costs and an equitable distribution of the products of the contract in accordance with the costs incurred by the parties. On April 5, 1978 Trial Judge Joseph V. Colaianni filed a recommended opinion (reported in full at 27 CCF ¶ 80,333) upholding the Board’s rejection of plaintiffs claims as to equitable adjustment and cost overruns, reversing the Board’s refusal to allow plaintiff termination costs, and denying plaintiffs demand for a trial de novo. The trial judge also held that a claimant is only entitled to a trial de novo when the claim is not redressable under the contract and therefore not subject to administrative determination under the usual disputes clause of the contract. He also held that the changes clause and the LOC clause denied the contractor the right to an equitable adjustment for a change in the work unless a written contract modification explicitly stated that the estimated cost had been increased to a specified amount; and he rejected plaintiffs argument that the contract modification constituted a waiver or modification of the LOC clause. The trial judge found that the refusal to fund the cost overrun was within the contracting officer’s discretion and that the LOC clause was intended to *704 cover actual overhead expenses which exceeded the provisional rates. He also found plaintiff entitled to recovery of termination costs since the Government induced plaintiff to incur such costs in the reasonable belief that it would be reimbursed for them. By so doing, the Government waived the LOC clause limitations. On April 4, 1980 the court, by order, adopted the recommended decision of the trial judge as the basis for its judgment in this case, with one modification. The trial judge held that the award to plaintiff of its termination costs mooted its claim for an equitable distribution of all property produced or purchased under the contract, based on the share of costs incurred by each party. Disagreeing, the court held that plaintiff is entitled both to an equitable distribution and recovery of its termination costs. The court denied plaintiffs motions to reopen the record and for leave to depose, and remanded the case to the ASBCA for further proceedings to determine the amount of termination costs to which plaintiff is entitled, and to allow the parties to negotiate towards an equitable distribution of all property produced or purchased under the contract based on the share of costs incurred by each party.